### LIPPMANN et al. v. BROWN.

(Supreme Court, Appellate Term. May 5, 1904.)

1. FACTORS—INSTRUCTIONS—DISOBEDIENCE—EMERGENCIES.

> Where defendant consigned oranges to factors for sale, with instructions not to sacrifice the fruit, but, if they could not get an average price of between $3 and $4, they should place the fruit in cold storage, but on arrival the fruit was so decayed that it could not have been so preserved, and the only recourse was to reassort and sell as soon as possible, which the factors did, it was no defense to their action to recover the difference between the amount advanced, with expenses and commissions, and the sum realized on the sale, that they violated their duty to defendant, in disobeying his instructions.

Appeal from City Court of New York, Trial Term.

Action by Jacob Lippmann and another against William M. Brown. From a City Court judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Jones, Dodd & Steinbrink, for appellant.

Wilder & Anderson (Frederick E. Anderson and John Ewen, of counsel), for respondents.

GREENBAUM, J. The plaintiffs, commission merchants in New York, received a car load of oranges from Florida for sale here. Previous to the arrival of the consignment, the defendant wrote to the plaintiffs that he did not "want to have this fruit sacrificed, and if you cannot get for me a satisfactory price for it—and by satisfactory I mean an average price between $3 and $4—I would want you to hold it in cold storage until such time as you could get a good price." It was proven and remained undisputed that the goods arrived in a decayed and unsound condition, that in such condition they were unsalable, that they could not have been preserved in cold storage, and that the only recourse to minimize the certain loss upon them was to reassort the goods and sell them at the earliest possible moment. This course the plaintiffs took, and the oranges were reassorted and sold.

The defendant contends that, treating the plaintiffs as his factors, they should not be now permitted to recover from him the loss sustained in the sale—being the difference between the amounts advanced by

them on the goods, the amounts paid for freight and expenses, and commissions, and the net sum realized—on the ground that they violated their duty to him, as factors, in disobeying his instructions.

Concededly, a factor is bound, as a general rule, to obey the orders of his principal. As was stated in Jervis v. Hoyt, 2 Hun, 638, however:

"Emergencies may arise in which an agent or factor may, from the necessities of the case, be justified in assuming extraordinary powers, and his acts fairly done under such circumstances bind the principal. Amongst other emergencies, acts done in the bona fide effort to save perishing property is one."

Clearly the precise exception to the general rule pointed out in Jervis v. Hoyt, supra, exists here. The plaintiffs did not only all they could have done, but also all they could have been expected to do, for their own and defendant's best interests. Moreover, in this case the defendant, upon his cross-examination, admitted that, if he had been aware of the condition of the fruit on its arrival, he would not have wanted it placed in cold storage, but should have wanted it sold to the best advantage.

The question as to whether the defendant was in fact the consignor of the goods and the principal of the plaintiffs was left to the jury, under a clear and unequivocal instruction, and there was ample evidence to support their finding in that regard.

The judgment must be affirmed, with costs. All concur.